### GLICK v MARSCOT et ·

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11493. Decided April 22, 1931

N. D. Davis, Cleveland, for Glick.
P. S. Crampton, Cleveland, for The Marscot Co.
Baker, Hostetler & Sidlo, Cleveland, for The Midland Bank.
T. J. Moffett, Cleveland, for the Commercial Savings & Loan Co.

ROSS, PJ, HAMILTON and CUSHING, JJ, (1st Dist) sitting.

ROSS, PJ.

It is claimed that the recording was done without the consent or knowledge of Glick or his attorneys. In view of the language of the letter, we think it manifest that the action of the Bank was in exact conformity to the oral agreement of the parties made on or about May 2, 1928, and confirmed by letter May 4, 1928. The conditions were to be performed subsequently to the recording of the instruments.

It must be borne in mind that the mortgage of the Bank, having been filed as a prior lien upon the premises over the mortgage of Glick, that the burden rests upon Glick to remove the presumption of priority consequent upon the precedence in time of the Bank mortgage over that of Glick.

The Midland Bank took the mortgage from Forsyth to the Loan Company after maturity and consequently subject to the terms of the contract between Glick and the Loan Company.

If the fund created by the Forsyth mortgage to the Loan Company had been distributed entirely for the benefit of the improvement of the premises, constituting the security for the Glick mortgage of $1580.25, we should consider the breach of the contract between Glick and the Loan Company but a technical violation. It is manifest, however, that such fund was not entirely used for the construction of such improvement, but in some cases at least was used for the erection of a building upon another lot owned by Forsyth, and also covered by a loan from The Commercial Savings & Loan Company to Forsyth.

While the evidence is clear as to certain of such misappropriations, it is not clear as to others.

In so far as there has been disbursement of the $4,000 fund, created by the Forsyth mortgage, for purposes other than the improvement of the premises conveyed by Glick to Forsyth, Glick is entitled to priority on his mortgage of $1580.25 over that of the Loan Company for $4,000, now held by the Midland Bank.

It is the suggestion of the court that counsel for the parties agree upon such amount. In the absence of such stipulation, it will be necessary to appoint a master to ascertain the exact amount diverted. It would seem that such additional costs could be easily avoided.

A decree will be withheld for fifteen days, pending action by the parties to the cause, upon the suggestion of the court.

HAMILTON and CUSHING, JJ, concur.